UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN GREER,<br><br>                      Plaintiff,<br><br>      v.<br><br>BUCKEYE PARTNERS, L.P., BUCKEYE GP LLC, PIETER BAKKER, BARBARA M. BAUMANN, BARBARA J. DUGANIER, JOSEPH A. LASALA, JR., MARK C. MCKINLEY, LARRY C. PAYNE, OLIVER G. RICHAR, III, CLARK C. SMITH, FRANK S. SOWINSKI, AND MARTIN A. WHITE,<br><br>                      Defendants. | Case No. 4:19-cv-02648<br>Hon. Judge Gray H. Miller |

**STIPULATION AND [PROPOSED] ORDER TO DISMISS ACTION AS MOOT AND RETAIN JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S POTENTIAL APPLICATION FOR FEES AND EXPENSES**

WHEREAS, on June 19, 2019, Plaintiff John Greer ("Plaintiff") filed a complaint (the "Complaint") for alleged violations of the Securities Exchange Act of 1934 (the "Act") in the Southern District of New York ("SDNY Action");

WHEREAS, the Complaint in the SDNY Action included claims against defendants Buckeye Partners, L.P., ("Buckeye"), Buckeye GP LLC, Pieter Bakker, Barbara M. Baumann, Barbara J. Duganier, Joseph A. LaSala Jr., Mark C. McKinley, Larry C. Payne, Oliver G. Richard III, Clark C. Smith, Frank S. Sowinski and Martin A. White (collectively, "Defendants") under Sections 14(a) and 20(a) of the Act and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder with respect to certain public disclosures made by Buckeye in the Preliminary Proxy Statement (the "Proxy") filed with the SEC on June 7, 2019, in connection with the merger of Buckeye with IFM Investors (the "Proposed Transaction");

WHEREAS, on July 17, 2019, Plaintiff's counsel and Defendant's counsel submitted a

1

Stipulation and Proposed Order to the court requesting that the SDNY Action be transferred to this District;

WHEREAS, the parties have conferred and, after engaging in arm's-length negotiations to resolve the claims raised by Plaintiff in the Complaint, Buckeye made supplemental disclosures on a Schedule 14A amendment on July 22, 2019, which substantially mooted the claims raised by Plaintiff in the SDNY Action (the "Supplemental Disclosures");

WHEREAS, Plaintiff has informed the defendants that the Supplemental Disclosures mooted the claims set forth in the Complaint, and that that any remaining claims are so unlikely to be successful as to warrant dismissal;

WHEREAS, Plaintiff asserts that his counsel has a claim for attorneys' fees and expenses in connection with a claimed common benefit provided to Buckeye's shareholders as a result of the filing of the Supplemental Disclosures (the "Fee and Expense Application");

WHEREAS, Defendants deny that the Supplemental Disclosures contained additional material information that were required to be disclosed and deny that any claim asserted in the Complaint is or was ever meritorious;

WHEREAS, Defendants reserve the right to oppose any Fee and Expense Application;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys and no promise, understanding, or agreement to give any such compensation has been made; nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

WHEREAS, Plaintiff's counsel seeks to dismiss the Action with prejudice as to Plaintiff;

WHEREAS, the parties agree that any deadline in this matter, including but not limited to Defendants' time to answer or otherwise respond to the Complaint, is adjourned;

2

WHEREAS, the parties intend to meet and confer concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over any Fee and Expense Application; and

NOW, THEREFORE, IT IS STIPULATED AND AGREED by the undersigned parties, through their attorneys and subject to the Court's approval, that:

1. This Action is dismissed pursuant to Federal Rule of Civil Procedure 41(a), and all claims asserted therein are dismissed with prejudice as to Plaintiff. All deadlines in this matter, including but not limited to Defendants' time to answer or otherwise respond to the Complaint, are adjourned.

2. The Court shall retain jurisdiction of this Action solely for the purpose of adjudicating any Fee and Expense Application filed by Plaintiff.

3. The parties shall meet and confer concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel.  If the parties reach an agreement on the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, they will notify the Court.

4. To the extent the parties are unable to reach an agreement concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, Plaintiff shall file a Fee and Expense Application; Defendant shall file any opposition to such Fee and Expense Application; and any reply in further support of such Fee and Expense Application shall be filed.

5. This order is entered without prejudice to any position, claim, or defense any party may assert with respect to any Fee and Expense Application.

Respectfully submitted this 26th day of August 2019.

/s/ *Jeffrey S. Johnston*
Jeffrey S. Johnston
Tex Bar No. 24002368
SDTX Bar No. 22089
jjohnston@velaw.com
**VINSON & ELKINS LLP**
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: (713)-758-2198
Fax: (713)-615-5920

**CRAVATH SWAINE & MOORE LLP**
Gary Bornstein
Rory A. Leraris
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212)-474-1454
Fax: (212)-474-3700
Email:  gbornstein@cravath.com
            rleraris@cravath.com

*Counsel for Defendants*

**LEVI & KORSINSKY, LLP**
Donald J. Enright
Elizabeth K. Tripoldi
1101 30th Street, N.W. Suite 115
Washington, DC 20007
New York, NY 10118
Tel: (202)-524-4290
Fax: (212)-337-1567
Email:  denright@zlk.com
            etripoldi@zlk.com

*Counsel for Plaintiff*

SO ORDERED this _____ day of _____, 2019.

_____
HONORABLE GRAY H. MILLER
U.S. DISTRICT JUDGE